JEFFREY M. VUCINICH, ESQ. BAR#: 67906
PATRICK R. CO, ESQ. BAR #: 200160
CLAPP, MORONEY, BELLAGAMBA, VUCINICH,
BEEMAN and SCHELEY
A PROFESSIONAL CORPORATION
1111 Bayhill Drive, Suite 300
San Bruno, CA 94066
(650) 989-5400  (650) 989-5499 FAX

Attorneys for Defendants
CITY OF HAYWARD; SAM SANDER; and MIKE EDWARDS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE POLLAR; SHALAWN POLLAR as Guardian Ad Litem for J.A., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA; MARY TAKEUCHI; DALE BILLITER; MICHAEL YEE; CITY OF HAYWARD; SAM SANDER; MIKE EDWARDS; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.: C08-04196 BZ<br><br>**AMENDED STIPULATION and [proposed] ORDER DISMISSING SAM SANDER** |

IT IS HEREBY STIPULATED by and between the parties to this action, through their designated counsel, that all of the claims in this action of plaintiffs DANIELLE POLLAR; and SHALAWN POLLAR as Guardian Ad Litem for J.A., a minor, against SAM SANDER are dismissed with prejudice pursuant to FRCP 41(a)(1), and with a waiver of costs by the dismissed defendant.

In addressing this Court's order dated December 23, 2009, in executing this stipulation, the parties are aware that under the California Code of Civil Procedure Section 372, a guardian ad litem may only "compromise" the interests of a minor "with the approval of the court." Such a compromise would include settlement. *See* Cal. Code Civil Procedure § 372. Despite this provision, however, a guardian ad litem is not required to secure court approval in seeking a dismissal. *See Zapanta v.*

*Universal Care, Inc.*, 107 Cal. App. 4th 1167, 1174-75 (2003). A dismissal is "certainly not the equivalent" of a settlement. *Id*. at 1174. The *Zapanta* court recognized that Section 372 did not expressly preclude dismissal of an action by a guardian ad litem. *Id*. at 1175. Here, the parties do not enter into this stipulation as a compromise or settlement of the minor, J.A.'s interests. Rather, this agreement is merely a stipulation to dismiss Defendant Sam Sander from this action with prejudice.

Furthermore, the parties are unaware of an equivalent to California Code of Civil Procedure Section 372 within the Federal Rules of Civil Procedure. *See* FED. RULE CIV. PROC. § 17(c). However, one district court has opined that a federal court's authority to approve of a guardian ad litem's settlement on behalf of a minor is based upon state law. *Eagan by Keith v. Jackson*, 855 F. Supp. 765, 775 (E.D. Pa. June 13, 1994). Thus, as far as the parties understand, California Code of Civil Procedure Section 372, and corresponding state law precedent such as *Zapanta*, are controlling. This Court should nevertheless feel free to direct the parties' attention to authority that states otherwise for further or more appropriate guidance.

For those reasons, the parties stipulate to dismiss Officer Sam Sander from this action, and respectfully request that this Court order such dismissal.

DATED: January 4, 2010        LAW OFFICES OF ROBERT R. POWELL

By: /**S**/

ROBERT R. POWELL
Attorney for Plaintiffs, Danielle Pollar and Shalawn Pollar, as Guardian Ad Litem for J.A., a Minor

DATED: January 4, 2010        HAAPALA THOMPSON & ABERN LLP

By: /**S**/

REBECCA C. WIDEN
Attorney for Defendants
COUNTY OF ALAMEDA, et al.

///

**AMENDED STIPULATION and [proposed] ORDER DISMISSING SAM SANDER; CASE NO. C08-04196 BZ**     2

G:\Data\DOCS\0487\04132\10410.Stip-Order-Dismiss-Sander-V3.wpd

| | |
|---|---|
| DATED: January 4, 2010 | CLAPP MORONEY BELLAGAMBA VUCINICH BEEMAN and SCHELEY |

By: _____/S/_____

PATRICK R. CO
Attorney for Defendants
CITY OF HAYWARD; SAM SANDER;
and MIKE EDWARDS

**ORDER**

This stipulation having been considered by the Court, and good cause appearing,

**IT IS HEREBY ORDERED.**

Date: January 5, 2010

_____
MAGISTRATE JUDGE BERNARD ZIMMERMAN